## WARREN v. BOOTH ET AL.

## WYNKOOP v. THE SAME.

1. **Trust:** CORPORATIONS : GARNISHMENT. Where, pending the foreclosure of a railway mortgage, a contract was proposed whereby certain bonds were to be distributed among the stockholders of the corporation, in return for their certificates of stock, which contract was never executed, but a declaration of trust was afterward made referring to said contract, and proposing to distribute the bonds as contemplated in said contract, and reciting the receipt of the certificates of stock which were to constitute the consideration for said bonds, *held*, that the bonds were held by the trustee subject to the debts of the company, and were liable to garnishment in his hands.

*Appeal from Jackson District Court.*

WEDNESDAY, JUNE 4.

THE plaintiffs, being judgment creditors of the C., C. & D. R. Co., caused executions to issue thereon, and garnished the defendant as its supposed debtor. The question as to his liability was tried to the court, and judgment rendered against defendant, and he appeals.

*Fouke & Lyon* and *Shiras, Van Duzee & Henderson,* for appellant.

*Graham & Cady,* for appellees.

SEEVERS, J.—The only error discussed by counsel is that the judgment should have been for the defendant. This must be mainly solved by a construction of certain transactions between Mr. J. F. Joy, the defendant, and the C., D. & M. R. Co., and certain stockholders of said companies.

<div style="margin-left:0">1. TRUST: corporations: garnishment.</div>

In 1876 actions were pending to foreclose mortgages executed by said companies. Messrs. Fouke & Lyon were, in the first instance, employed by certain stockholders, as their attorneys, to resist such foreclosures. Afterward they appeared for both corporations, and sought to accomplish the same result.

To prevent further litigation, and settle and adjust the matters in controversy, an agreement was entered into on the 18th day of September, 1876, between said Joy, who was acting for himself and others, and said corporations, whereby it was agreed Joy should give one hundred thousand dollars in bonds, executed by the corporations, to be distributed among the stockholders thereof residing in Illinois and Iowa, except the C., B. & Q. R. Co. Forty thousand dollars of said bonds were to be distributed among the stockholders of the C., C. & D. R. Co., and the residue among the stockholders of the C., D. & M. R. Co. This agreement was not to be binding unless it was approved by Sidney Bartlett, Esq. There is no evidence of such approval, but, on the contrary, Mr. Joy, in a letter to Fouke & Lyon, dated September 25, 1876, stated that it had been disapproved by Mr. Bartlett, and "that all parties were free."

If this agreement had taken effect and the bonds had been delivered in accordance with its terms, it is practically conceded by counsel for the appellant they would have been the

property of the corporations, or at least liable, under the ruling in *Railroad Company v. Howard*, 7 Wall., 392, to be seized and appropriated by the creditors of the corporations by the process of garnishment or other legal proceedings.

In October, 1876, an oral agreement was made between Joy and Fouke & Lyon, whereby all opposition to the foreclosure of the mortgages was withdrawn, and a decree of strict foreclosure entered, and thereunder the bondholders entered into possession of the roads. Who Fouke & Lyon represented at this time, or what were the terms of said agreement, does not distinctly appear. Whatever the agreement was Mr. Joy refused to comply therewith. Afterward the following con tract or declaration of trust was made.

"This article of agreement, made this 20th day of February, A. D. 1877, between James F. Joy, for himself, and others that he represented in an agreement made the 18th day of September, 1876, with the river railroad companies of the one part, and C. H. Booth of the second part, witnesseth:

"Whereas, said Joy has this day received, under said agreement of September 18, 1876, nine-tenths of the certificates of stock in said river railroad companies, for which he has agreed to deliver one hundred thousand dollars in the bonds of said river railroad companies; and, whereas, it is impracticable for said Joy to distribute personally said bonds in accordance with said agreement above referred to:

"Now, therefore, the said Joy, for the purpose of carrying out said agreement, hereby assigns and transfers to the said C. H. Booth, as trustee, the said one hundred thousand dollars of bonds, for the following purposes, to-wit:

"1. To pay Messrs. Fouke & Lyon their attorneys' fees and expenses in the river railroad companies' litigation, in accordance with said agreement of September 18, 1876.

"2. To distribute to the stockholders of said river railroad companies (except the Chicago, Burlington & Quincy Railroad Company and the eastern stockholders), in the pro-

portion of sixty-hundredths to the stockholders of the Chicago, Dubuque & Minnesota Railroad Company, and forty-hundredths to the stockholders of the Chicago, Clinton & Dubuque Railroad Company, the residue of said bonds; said distribution to be made according to the terms of said agreement of September 18, 1876. And the said C. H. Booth accepts said trust, and agrees to dispose of and distribute said bonds as above set forth and directed.

<div align="right">

"J. F. Joy.

"C. H. Booth."

</div>

If the defendant is liable it is because of his possession of the bonds under the foregoing declaration of trust, and we must say we think him so liable. Mr. Joy and the defendant are the only parties thereto. The bonds belonged to the former, or those represented by him, and he could dispose of them as he pleased. Joy appointed the defendant trustee, and declared the purposes of the trust. The bonds were to be delivered in accordance with the agreement of September 18, 1876. The consideration of the trust is the same as was that of the agreement, and the latter, unmistakably we think, is made a part of the trust. The causes leading to and the purposes of the trust could not, with absolute certainty, be determined without reference to said agreement. If the latter had been approved by Bartlett, and the bonds delivered in accordance with its terms would have been liable to be appropriated by the creditors of the corporations, it follows, we think, they are so liable under the declaration of trust. The bonds are to be paid to the stockholders; not to them as individuals, or in any other capacity. The theory of the appellant is that such stockholders may receive this fund, and the creditors of the corporation remain unpaid. But the creditors of a corporation must be paid before the stockholders can receive anything from the corporation or by the sale of the corporate property.

It is said the stock which was transferred to Joy belonged to the stockholders, and, therefore, they furnished the only

consideration for the trust. But this was not the only consideration of the agreement of September 18, 1876. Suppose, however, the claimed proposition be conceded. Still if Mr. Joy has in terms declared what shall be done with the bonds, he had a perfect right to do so. He could, of course, purchase the stock and pay each stockholder what he saw proper. If that and nothing more was to be accomplished by the several agreements, a strange way was taken to effectuate such object.

The intent of Mr. Joy, we think, was to place the bonds in the hands of the defendant, to be distributed in the same manner (except as modified by the trust) as they would have been if the September agreement had taken effect.

There was evidence tending to show that at the time the trust was declared and agreement made between Joy and others, who were stockholders in said corporations, and also in a certain construction company, who had in their possession certain books, papers and subscriptions to the capital stock of the construction company, which were valuable to Joy, and in consideration of the same being delivered to him, he agreed to give the bonds to said stockholders, and that the trust was declared to effectuate this purpose.

The object of this evidence was to show a different consideration from that expressed in the declaration of trust. Because of such evidence it is claimed the bonds could not be the property of the corporations or liable to be seized by their creditors. In other words, the argument is that if, without such evidence, the bonds may be seized by creditors, with it in the case they must be distributed among the stockholders.

The evidence was objected to because it would tend to add to and vary the effect of the writing, and that it was incompetent for this reason is our opinion. It should have been rejected; and, while it was admitted, evidently, we think, it was not considered by the court below. The writing must determine the liability of the defendant, without reference to the evidence as to the understanding of the parties not expressed therein.

AFFIRMED.